IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KYLE BERGHORN,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. **3:17-CV-01345-L** |
| **TEXAS WORKFORCE COMMISSION** | § | |
| **and XEROX CORPORATION,** | § | |
| | § | |
| Defendants. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Defendant Xerox Corporation's Motion for Partial Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 4), filed May 26, 2017; and the Joint Stipulation to Clarify Cause of Action Before the Court ("Joint Stipulation") (Doc. 15), filed October 30, 2017. In its motion to dismiss, Defendant Xerox Corporation ("Xerox") requests that the court dismiss all of Plaintiff Kyle Berghorn's ("Plaintiff" or "Berghorn") employment law claims against it. In the Joint Stipulation, the parties seek an order from the court clarifying that only Plaintiff's claims against Xerox were removed to federal court. After considering the motion to dismiss, briefs, pleadings, and applicable law, the court **grants in part and denies in part** Xerox Corporation's Motion for Partial Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 4). Further, the court **concludes** that, notwithstanding the state court order granting the Texas Work Force Commission's ("TWC") unopposed motion to sever, Plaintiff's state law and federal employment law claims were removed to federal court, but severance and remand of Plaintiff's state law claim against the TWC are required under 28 U.S.C. § 1441(c)(2).

I. **Factual and Procedural Background**

Berghorn originally filed this action on September 2, 2016, in the 192nd Judicial District Court, Dallas County, Texas, against the TWC and Xerox, seeking judicial review of the TWC's administrative decision to deny him unemployment compensation benefits under the Texas Unemployment Compensation Act ("TUCA"). On April 21, 2017, Berghorn amended his pleadings and for the first time alleged that Xerox violated Title VII of the Civil Rights Act of 1964 by terminating his employment because he is gay and failed to conform to Xerox's gender stereotypes. In his Amended Petition, the live pleading, Berghorn alleges that he suffered unlawful employment discrimination under Title VII based on sexual orientation and gender stereotyping. Berghorn seeks injunctive and equitable relief, compensatory and punitive damages, attorney's fees, and prejudgment and postjudgment interest.

On May 5, 2017, the TWC filed an unopposed motion to sever the claims against it, which was granted by the state court on May 19, 2017. On the same date, Xerox filed its Notice of Removal and removed Plaintiff's Title VII claims against it to federal court based on federal question jurisdiction. On May 26, 2017, Xerox moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's Title VII claims against it. Although styled as motion for partial dismissal, Xerox moves to dismiss all of the claims asserted by Plaintiff against it.

On July 10, 2017, the TWC filed a copy of the state court order granting its unopposed motion to sever. A Joint Stipulation that was signed by Plaintiff's and Xerox's counsel and filed on October 30, 2017, states that Berghorn, Xerox, and the TWC stipulate that Berghorn's state law claim against the TWC was severed from his Title VII claims against Xerox before Xerox filed its Notice of Removal such that the only claims before this court are Plaintiff's Title VII claims against

Xerox. The Joint Stipulation requests that the court enter an order clarifying that Plaintiff's Title VII claims were the only claims removed to federal court and are the only claims presently before the court.

## II.     Stipulation and Request Regarding Removal of Plaintiff's Claim Against the TWC

As explained, the Joint Stipulation signed by Plaintiff and Xerox seeks clarification from the court as to whether Plaintiff's state law claim against the TWC was removed to federal court as a result of Xerox's Notice of Removal. The Joint Stipulation states that Plaintiff, the TWC, and Xerox stipulate that only Plaintiff's Title VII claims against Xerox are before the court but clarification from the court in this regard is still sought because the unopposed motion to sever Plaintiff's claim against the TWC was granted in the state court action on May 19, 2017, the same date that Xerox filed its Notice of Removal, and it is unclear whether the unopposed motion to sever was granted before Xerox filed its Notice of Removal.

Xerox's Notice of Removal states that removal is based on 28 U.S.C. § 1441(c) because Plaintiff's state law claim against the TWC regarding the denial of unemployment benefits is separate and independent from Plaintiff's employment law claims asserted against Xerox. The Notice of Removal notes that the TWC filed an unopposed motion to sever the state law claim against it before the Notice of Removal was filed, *and the unopposed motion was pending at the time of removal*. Xerox contends that Plaintiff's state law claim against the TWC must be remanded under section 1441(c)(2) because it is nonremovable.

Xerox acknowledges in its Notice of Removal that the TWC's unopposed motion to sever the state law claim against it was pending when Xerox filed its Notice of Removal. Moreover, the docket in the underlying state court Case No. DC-16-10991 indicates that the case was closed on

May 22, 2017, as a result of Xerox's Notice to State Court of Removal of Civil Action filed on the same date. From this, it appears that the state court determined that the entire action was removed to federal court. For all of these reasons, the court similarly determines that Xerox's Notice of Removal was filed before the unopposed motion to sever was granted and, as a result, all of Plaintiff's claims against Xerox and the TWC were removed to federal court. For the reasons that follow, however, the court agrees with Xerox that remand of the state law claim against the TWC is required under 28 U.S.C. § 1441(c)(2).

Section 1441(c)(1) states that, when there is "a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of [such a claim]." 28 U.S.C. § 1441(c)(1)(A)-(B). Section 1441(c)(2) provides that upon removal of an action under section 1441(c)(1), the district court must sever from the action and remand all claims not within the original or supplemental jurisdiction of the district court and claims that are nonremovable by statute. Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Federal courts have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* § 1367.

The court was unable to find any authority that has held that TUCA claims are nonremovable, and the parties cited none. Moreover, TUCA claims are not among the actions that are listed as nonremovable under 28 U.S.C. § 1445. Regardless, Plaintiff's state law claim against the TWC regarding the administrative decision denying his unemployment benefits does not fall within the

court's original jurisdiction and is not so related to his federal Title VII claims for sexual harassment against Xerox to fall within the court's supplemental jurisdiction. Accordingly, severance and remand of the state law claim against the TWC are required under section 1441(c)(2). Pursuant to section 1441(c)(2), the court, therefore, **severs** and **remands** Plaintiff's state law claim under TUCA against the TWC to the 192nd Judicial District Court, Dallas County, Texas, from which it was removed. As a result, only Plaintiff's federal Title VII claims against Xerox, which are the subject of Xerox's motion to dismiss, shall remain in this court.

## III.    Xerox's Motion to Dismiss Plaintiff's Title VII Claims

### A.    Legal Standard for Rule 12(b)(6)

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has

pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355

F.3d 370, 376 (5th Cir. 2004).

**B.      Analysis**

**1.      Title VII Claim Based on Sexual Orientation**

Xerox contends that Plaintiff's discrimination claim under Title VII based on sexual

orientation fails as a matter of law because Title VII does not protect against discrimination based

on sexual orientation.  Plaintiff disagrees and responds, based on Seventh Circuit authority,  that he

has asserted a valid claim for discrimination based on sexual orientation.

Plaintiff alleges that Xerox violated Title VII by discriminating against him because of his

sexual orientation. Title VII of the Civil Rights Act of 1964 provides, in relevant part, that "[i]t shall

be an unlawful employment practice for an employer . . . to discriminate against any individual with

respect to his compensation, terms, conditions, or privileges of employment, because of such

individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Sexual

orientation is not a protected class under Title VII.  *See id*; *see also Blum v. Gulf Oil Corp.*, 597 F.2d

936, 938 (5th Cir. 1979) ("Discharge for homosexuality is not prohibited by Title VII."); *Smith v.*

*Liberty Mut. Ins. Co.*, 569 F.2d 325, 327 (5th Cir. 1978) ("Congress by its proscription of sex

discrimination intended only to guarantee equal job opportunities for males and females"); *Brown*

*v. Subway Sandwich Shop of Lauren, Inc.*, No. 2:15-CV-77-KS-MTP, 2016 WL 3248457, at *3

(S.D. Miss. June 13, 2016) (surveying the Second, Third, Fifth, Sixth, and Seventh Circuits and

concluding there is an "overwhelming volume of legal precedent establishing that sexual orientation

is not protected under Title VII"); *Lynch v. Baylor Univ. Med. Ctr.*, No. 3:05-CV-0931-P, 2006 WL

2456493, at *6 (N.D. Tex. Aug. 23, 2006), *aff'd*, 236 F. App'x 918, 918 (5th Cir. 2007) ("[S]exual orientation is not a protected class under Title VII.").

Berghorn contends in response to Xerox's motion to dismiss that the Fifth Circuit authority relied on by Xerox is "outdated," Pl.'s Resp. 2; that the Fifth Circuit in two cases in 2015 and 2016 declined to revisit the issue; and that the Seventh Circuit has recently held that sexual orientation discrimination is indistinguishable from sex discrimination for purposes of Title VII. The court, however, is bound by Fifth Circuit precedent, not Seventh Circuit precedent. Thus, unless and until overruled by the Fifth Circuit or the Supreme Court, or Congress elects to extend Title VII protection to sexual orientation, the court cannot disregard Fifth Circuit precedent regardless of the age of the case. The Fifth Circuit cases cited in this opinion have not been overruled and, therefore, are still binding precedent. Moreover, the Seventh Circuit stands alone in its new and extremely recent decision to construe Title VII as granting protection on the basis of sexual orientation discrimination. *See Hively v. Ivy Tech Cmty. Coll. of Ind.*, 853 F.3d 339, 340-41 (7th Cir. 2017) ("[W]e have been asked to take a fresh look at our position in light of developments at the Supreme Court extending over two decades. We have done so, and we conclude today that discrimination on the basis of sexual orientation is a form of sex discrimination."). Accordingly, Plaintiff's Title VII discrimination claim based on sexual orientation fails as a matter of law, and Xerox is entitled to dismissal with prejudice of this claim for failure to state a claim upon which relief can be granted.

### 2. Title VII Claim Based on Gender Stereotyping

Xerox contends that Berghorn has not alleged sufficient facts to support a discrimination claim under Title VII based on gender stereotyping. Xerox asserts that the allegations in Plaintiff's Amended Petition pertain to perceived animus based on sexual orientation, not gender stereotypes.

Plaintiff responds that his claim based on gender stereotyping is sufficient as pleaded but requests that he be allowed to amend his pleading if the court determines otherwise. Plaintiff disagrees that his gender stereotyping claim is an improper sexual orientation claim and contends as follows:

> The biases and prejudices . . . speak to gender-based stereotypes. The employees at issue held biases that Berghorn was sleeping with other males, that he had grown too close to other males, and that he could not have children. These biases are significant because they are rooted in traditional stereotypes that men should have appropriate boundaries, should not have sex with each other, and should have children.

Pl.'s Resp. 4. Xerox replies that the foregoing inference is not supported by the facts alleged in Plaintiff's Amended Petition and is simply an attempt by Plaintiff to compensate for the insufficiency of his pleadings with respect to this claim. In addition, Xerox continues to maintain that the basis for Plaintiff's gender stereotyping claim is sexual orientation, not gender. In this regard, Xerox contends that Plaintiff only refers to or uses the term "gender stereotypes" one time in his Amended Petition, and he only alleges facts that relate to his sexual orientation. For the reasons that follow, the court agrees with Xerox that Plaintiff has not pleaded sufficient facts to support his discrimination claim based on gender stereotyping.

Unlike sexual orientation discrimination, gender or "sex stereotyping" discrimination is recognized as a type of discrimination that is covered by Title VII. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 250-51 (1989), *superseded by statute on other grounds*, 42 U.S.C. § 2000e–2(m) ("In the specific context of sex stereotyping, an employer who acts on the basis of a belief that a woman cannot be aggressive, or that she must not be, has acted on the basis of gender.");[*] *Boh Bros. Const.*

---

[*] "In 1991, Congress amended Title VII partially in response to *Price Waterhouse*." *Smith v. Xerox Corp.*, 602 F.3d 320, 327 (5th Cir. 2010), *abrogated on other grounds by University of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517 (2013) (footnote omitted). In amending Title VII, Congress "explicitly codified the holding that a Title VII discrimination plaintiff could show an unlawful employment practice by demonstrating that a prohibited factor was a 'motivating factor' in the employment decision." *Smith*, 602 F.3d at 327 (footnote omitted). "Congress achieved this

*Co., L.L.C.*, 731 F.3d at 453. In *Price Waterhouse*, a woman with an "aggressive" personality sued

her accounting firm when she was passed up for partnership. *Price Waterhouse*, 490 U.S. at 234-35.

The Court concluded that there were "clear signs . . . that some of the partners reacted negatively to

[the plaintiff's] personality because she was a woman. One partner described her as 'macho'; another

suggested that she 'overcompensated for being a woman'; a third advised her to take 'a course at

charm school.'" *Id.* at 235 (citations omitted). The plaintiff's evaluators recommended that she "walk

more femininely, talk more femininely, dress more femininely, wear make-up, have her hair styled,

and wear jewelry." *Id.* (citation and internal quotation marks omitted). The Court reasoned:

> As for the legal relevance of sex stereotyping, we are beyond the day when an
> employer could evaluate employees by assuming or insisting that they matched the
> stereotype associated with their group, for in forbidding employers to discriminate
> against individuals because of their sex, Congress intended to strike at the entire
> spectrum of disparate treatment of men and women resulting from sex stereotypes.

*Id.* at 251 (internal quotation marks and citations omitted). The Court, therefore, concluded that

while "[r]emarks at work that are based on sex stereotypes do not inevitably prove that gender played

a part in a particular employment decision," they "can certainly be evidence that gender played a

part." *Id.* Following *Price Waterhouse*, the Fifth Circuit has recognized "that a plaintiff can satisfy

Title VII's because-of-sex requirement with evidence of a plaintiff's perceived failure to conform

to traditional gender stereotypes." *Bros. Const. Co., L.L.C.*, 731 F.3d at 454 (citing *Davis v. Chevron

U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994)). Accordingly, for purposes of deciding a motion

to dismiss under Rule 12(b)(6), Title VII's "because of sex" requirement can be satisfied by

allegations of "a plaintiff's perceived failure to conform to traditional gender stereotypes," *see id.*,

---

end by adding 42 U.S.C. § 2000e–2(m)." *Id.* at 327, n.12. *Price Waterhouse* is still considered authoritative regarding discrimination based on gender or sex stereotyping. *E.E.O.C. v. Boh Bros. Const. Co., L.L.C.*, 731 F.3d 444, 453 (5th Cir. 2013) (en banc).

and according to *Price Waterhouse*, the perceived failure to conform to traditional gender stereotypes may be attributable to a plaintiff's appearance or behavior or both. *Price Waterhouse*, 490 U.S. at 234-35.

Here, Berghorn contends in response to Xerox's motion to dismiss that he was discriminated against for his failure to conform to typical male gender stereotypes, but his pleadings do not contain factual allegations from which such an inference can reasonably be drawn. Berghorn's allegations instead focus on his sexual orientation or homosexuality. Accordingly, Berghorn's pleadings as to his gender or sex stereotyping claim are insufficient to support a claim upon which relief can be granted. Rather than dismissing Berghorn's gender or sex stereotyping claim, the court will allow him to amend his pleadings as to this claim because it is unclear at this juncture whether amendment as to this claim would be futile.

## IV. Conclusion

For the reasons stated, the court **grants in part and denies in part** Xerox Corporation's Motion for Partial Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 4). The court **grants** Xerox's motion to dismiss with respect to Plaintiff's claim under Title VII for discrimination based on sexual orientation and **dismisses with prejudice** this claim, as it fails as a matter of law. The court **denies without prejudice** Xerox's motion to dismiss with respect to Plaintiff's claim under Title VII for discrimination based on gender stereotyping and will give Plaintiff an opportunity to amend his pleadings as to this claim. Any amended complaint to cure the deficiencies noted in this opinion with respect to Plaintiff's gender or sex stereotyping claim under Title VII must be filed by **December 15, 2017.** *Plaintiff's failure to file an amended complaint as*

*ordered will result in dismissal of his gender stereotyping claim without prejudice pursuant to Rule 41(b) or dismissal with prejudice pursuant to Rule 12(b)(6).*

Further, pursuant to section 1441(c)(2), the court **severs** and **remands** Plaintiff's state law claim under TUCA against the TWC to the 192nd Judicial District Court, Dallas County, Texas, from which it was removed. As a result of the severance and remand of Plaintiff's state law claims and the court's dismissal of Plaintiff's federal Title VII claim based on sexual orientation, only Plaintiff's federal Title VII claim against Xerox for gender or sex stereotyping remains in this court. The clerk of the court **shall** effect the remand of Plaintiff's state law claim against the TWC in accordance with the usual procedure, and the court **directs** the clerk of the court to amend the caption of this case to *Kyle Berghorn v. Xerox Corporation*.

**It is so ordered** this 15th day of November, 2017.

Sam A. Lindsay
United States District Judge