# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KYLE BERGHORN, | § § | |
| v. | § § | CASE NO. 3:17-CV-01345-S |
| XEROX CORPORATION. | § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Xerox Corporation's ("Xerox") Motion to Dismiss Plaintiff Kyle Scott Berghorn's ("Berghorn") Second Amended Complaint [ECF No. 18]. For the reasons stated below, the Court denies the motion.

## I. ORIGINS OF THE DISPUTE

Per Special Order 3-318, this case was transferred from the docket of Judge Sam A. Lindsay to the docket of this Court on March 8, 2018.

This dispute arises out of Berghorn's employment as a senior manager overseeing a team of auditors with Xerox. Berghorn alleges that Xerox fired him because he is gay and fails to conform to traditional gender stereotypes. Pl.'s Second Am. Compl. ("Am. Compl.") 1. Berghorn also alleges that Xerox subjected him to sex discrimination because of his sexual orientation, and that he experienced derogatory comments and condescension in the workplace. *Id.* ¶ 13. Xerox terminated Berghorn after an investigation for allegedly violating a company policy prohibiting the use of the corporate credit card for personal expenses. *Id.* ¶ 33-34. Berghorn claims that Xerox's reason for terminating him is pretext, arguing, "(1) [T]here was nothing subjectively or objectively inappropriate about Berghorn's use of the card, and, (2) other employees were regularly doing the same things with their cards and Xerox had no issue with it." *Id.* at 2.

On September 2, 2016, Berghorn filed a petition in the 192nd Judicial District Court of Dallas County, Texas, alleging unlawful denial of employment benefits in violation of the Texas Unemployment Compensation Act against Xerox and the Texas Workforce Commission ("TWC"). On April 21, 2017, Berghorn amended his petition to include a gender discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII") based on the allegation that he was discharged due to his sexual orientation (the "Amended Petition"). Thereafter, Xerox removed the matter to federal court on May 19, 2017, and then filed a partial motion to dismiss.

On November 15, 2017, the Court issued an order granting in part and denying in part Xerox's motion (the "Lindsay Order").[1] The Court dismissed Berghorn's Title VII discrimination claim based on sexual orientation **with prejudice**, holding that under Fifth Circuit precedent, such claims are not cognizable. Lindsay Order 7-8. The Court also found that "Berghorn's pleadings as to his gender or sex stereotyping claim are insufficient to support a claim upon which relief can be granted." *Id.* at 11. Rather than dismissing Berghorn's gender stereotyping claim, the Court denied without prejudice Xerox's motion to dismiss with respect to Berghorn's claim based on gender stereotyping, and allowed Berghorn the opportunity to amend his pleadings. *Id.*

Berghorn filed his Second Amended Complaint on December 15, 2017. Xerox moved to dismiss on December 19, 2017.

## II. LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this

---

[1] In the Order, the Court also severed and remanded Plaintiff's state law claim against TWC. Lindsay Order 5

"facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, a "court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, a "written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer*, 484 F.3d at 780. Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, "[i]n deciding a 12(b)(6) motion to dismiss, a court

may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (internal citations omitted); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "the district court took appropriate judicial notice of publicly-available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand." (internal citations omitted)).

### III. ANALYSIS

Berghorn alleges that Xerox violated Title VII by terminating him based on his perceived non-conformity with gender stereotypes. Am. Compl. ¶¶ 56, 59. Title VII prohibits employment discrimination against "any individual . . . because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). Actionable sex discrimination under Title VII includes discrimination against those who do not conform to sex or gender stereotypes. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 250-51 (1989). "Numerous courts, including [the Fifth Circuit], have recognized that a plaintiff can satisfy Title VII's because-of-sex requirement with evidence of a plaintiff's perceived failure to conform to traditional gender stereotypes." *EEOC v. Boh Bros. Constr. Co., L.L.C.*, 731 F.3d 444, 445 (5th Cir. 2013).

To state a Title VII discrimination claim, a plaintiff must allege facts showing that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) similarly situated employees who were outside the plaintiff's protected class were treated more favorably. *Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 420 (5th Cir. 2006) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973)). In order to survive a Rule 12(b)(6) motion to dismiss, Berghorn does not have to submit evidence to establish a prima face case of discrimination; however, he does have to plead sufficient facts on all of the

ultimate elements of his claim to make his case plausible. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016); *see also Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). The ultimate question in a Title VII discrimination case is whether a defendant took the adverse employment action against a plaintiff because of his protected status. *Raj*, 714 F.3d at 331 (internal citations and quotations omitted).

Xerox moves to dismiss Berghorn's claim for failure to state a claim, arguing that Berghorn's allegations all relate to his sexual orientation and not a failure to conform to gender norms. Def.'s Mot. 4. Given the procedural and pleading history of this case, Xerox's motion may indeed have merit. Regardless, accepting all well-pleaded facts as true and construing the complaint in the light most favorable to the plaintiff, Berghorn pleads sufficient facts to state a plausible claim that Xerox terminated his employment allegedly due to his failure to conform to gender stereotypes. The Court notes that many of the facts alleged by Berghorn to support his gender stereotyping claim in his Second Amended Complaint appear to be a recasting of his sexual orientation claim from his Amended Petition; however, whether or not Berghorn has sufficient evidence to support his Title VII claim may be determined at either the summary judgment stage or at trial.

The Court is bound by Fifth Circuit law. As the Court has stated previously, "[U]nless and until overruled by the Fifth Circuit or the Supreme Court, or Congress elects to extend Title VII protection to sexual orientation, the Court cannot disregard Fifth Circuit precedent." Lindsay Order 8. Likewise, contrary to the urging of Berghorn, this Court will not legislate from the bench and expand the law. Accordingly, only Berghorn's Title VII claim based on gender stereotyping survives as a potentially viable claim, and only that claim will be considered at future stages of this litigation.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Defendant Xerox's Motion to Dismiss Plaintiff Berghorn's Second Amended Complaint.

**SO ORDERED.**

SIGNED July 3, 2018.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**