# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KYLE BERGHORN,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | CASE NO. 3:17-CV-01345-S |
| XEROX CORPORATION,<br>Defendant. | §<br>§<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kyle Berghorn brings this Title VII action against Defendant Xerox Corporation alleging he was terminated for failing to conform to traditional gender stereotypes. Defendant moves for summary judgment [ECF No. 47], arguing that the claim fails as a matter of law because: Plaintiff is not a member of a protected class and all of his allegations of discrimination relate to his sexual orientation; Plaintiff was not treated less favorably than similarly situated coworkers; and, Defendant articulated a legitimate, non-discriminatory reason for the termination. For the reasons that follow, the Court grants Defendant's Motion.

## I. BACKGROUND

Per Special Order 3-318, this case was transferred from the docket of Judge Sam A. Lindsay to the docket of this Court on March 8, 2018.

Plaintiff was formerly employed by Defendant as a senior manager overseeing a team of auditors. Am. Compl. 1; Def.'s App. 0034:1-9, 0069:9-20. Plaintiff alleges that Defendant fired him because "he failed to conform to traditional sex-based stereotypes" by "ha[ving] sex with men, ha[ving] romantic attraction to men, and exhibit[ing] gay mannerisms." Pl.'s Resp. 1; Am. Compl. ¶ 56. Defendant, however, contends that it terminated Plaintiff for misusing his corporate AMEX card. Def.'s Br. 16-19. Plaintiff claims that Defendant's reason for terminating him is pretextual,

and that the investigation began to determine "whether [Plaintiff] and [a male colleague] were having a sexual and/or romantic relationship." Pl.'s Resp. 5; Def.'s App. 0747:10-19.

Defendant moves for summary judgment, arguing that Plaintiff has not established a prima facie case of gender stereotyping because Plaintiff is not a member of a protected class, all of Plaintiff's allegations arise out of his sexual orientation and not his failure to conform to gender norms, and Plaintiff was not treated less favorably than similarly situated coworkers. Def.'s Br. 20-25. Additionally, Defendant asserts that it articulated a legitimate, non-discriminatory reason for the termination—Plaintiff's alleged misuse of the corporate AMEX card—and that Plaintiff cannot establish that this reason is pretextual. *Id.* at 26-32.

## II. LEGAL STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, she "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in [her] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322-25. Once the movant

2

has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

## III. ANALYSIS

Plaintiff alleges that Defendant violated Title VII by terminating him because of his perceived non-conformity with gender stereotypes. *See* Pl.'s Br. 1; Am. Compl. ¶¶ 56, 59. Title VII prohibits employment discrimination against "any individual . . . because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). A plaintiff cannot sustain a Title VII sex discrimination claim without showing that the discrimination occurred because of sex. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998). "To establish a prima facie case of discrimination, the plaintiff must either present direct evidence of discrimination or, in the absence of direct evidence, rely on circumstantial evidence using the *McDonnell Douglas* burden-shifting analysis." *Wittmer v. Phillips 66 Co.*, 915 F.3d 328, 332 (5th Cir. 2019). Under *McDonnell Douglas*, the plaintiff carries the burden of showing that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) similarly situated employees who were outside the plaintiff's protected class were treated more favorably. *See id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)); *Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 420 (5th Cir. 2006). "If a plaintiff establishes a prima

3

facie case, the burden shifts to the employer to show it had a legitimate, nondiscriminatory reason for [the adverse employment action]." *Wittmer*, 915 F.3d at 332. If the employer meets this burden, "the presumption of discrimination disappears, and the burden shifts back to the plaintiff to show either that the proffered reason was a pretext for discrimination, or that the plaintiff's protected status was another motivating factor for the decision." *Id.* (citing *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007)).

Viewing all evidence and drawing all reasonable inferences in the light most favorable to Plaintiff, the Court finds that Defendant is entitled to summary judgment because all of the facts showing the alleged discrimination relate to Plaintiff's sexual orientation, rather than to his failure to conform to gender norms. In the alternative, the Court finds that Plaintiff has not met his burden of showing that similarly situated employees who were outside the plaintiff's protected class were treated more favorably under nearly identical circumstances.

### A. Discrimination "Because of" Sex

Although some circuits disagree, the Fifth Circuit has held that "Title VII does not prohibit discrimination on the basis of sexual orientation." *Wittmer*, 915 F.3d at 330; *see also Blum v. Gulf Oil Corp.*, 597 F.2d 936, 938 (5th Cir. 1979) ("Discharge for homosexuality is not prohibited by Title VII or Section 1981."). This Court shall follow Fifth Circuit binding precedent. Plaintiff could satisfy Title VII's "because-of-sex requirement," however, "with evidence of [his] perceived failure to conform to traditional gender stereotypes." *E.E.O.C. v. Boh Bros. Constr. Co.*, 731 F.3d 444, 454 (5th Cir. 2013) (en banc) (citing *Davis. v. Chevron, U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994)). In other words, Plaintiff needs to show that his termination occurred because he looked or acted contrary to male stereotypes, not because he was homosexual. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 235, 250-52 (1989) (finding discrimination because of sex where an employer passed a woman for partnership for acting "aggressive," "macho," and lacking

4

charm); *Boh Bros. Constr. Co.*, 731 F.3d at 456 (holding that the EEOC "may rely on evidence that [the defendant's employee] viewed [the plaintiff] as insufficiently masculine to prove its Title VII claim").

The Court finds that Plaintiff's summary judgment evidence does not support his position that his termination was motivated by his failure to conform to traditional male stereotypes. The evidence cited by Plaintiff suggests that Defendant "started th[e] investigation" into Plaintiff's use of the corporate AMEX card to determine whether Plaintiff "was sleeping with . . . [an]other male employee[]." Pl.'s Resp. 6, 10-11 (citing Def.'s App. 0033:9-14, 0138:1-13, 0139:7-13, 0141:12-17, 0741:10-21, 0747:3-19, 0790:5-8, 0905); *see also* Pl.'s App. 0353. Moreover, Plaintiff himself testified at his deposition that he thought he was investigated and subsequently terminated "because [he was] gay." *See* Def.'s App. 0134:8-14, 0166:7-12. Thus, the Court finds that all of Plaintiff's evidence indicates discrimination because of Plaintiff's sexual orientation, not because of his failure to conform to traditional gender stereotypes.

The Court notes that there is evidence in the record of certain employees describing Plaintiff as having "more effeminate mannerisms," being gay for going to a Brittany Spears concert, "com[ing] off as a gay person," having a "voice [that] is a little higher," "dress[ing] really nice," and "wav[ing] . . . not like any [other] guy." Pl.'s App. 0091:16-0092:1, 0093:4-14, 0095:1-16, 0121:21-0122:25, 0123:20-0124:15; Def.'s App. 0181:7-0182:21. However, "Plaintiff has made no showing that [his] non-conforming appearance or behavior impacted the decision to terminate [him]."[1] *Lynch v. Baylor Univ. Med. Ctr.*, Civ. A. No. 3:05-CV-0931-P, 2006 WL

---

[1] Plaintiff seems to argue that "ha[ving] sex with men [and] ha[ving] romantic attraction to men" is one of the ways that Plaintiff "fail[s] to conform to traditional sex-based stereotypes." Pl.'s Resp. 1; *see also id.* at 6 (describing the alleged investigation into whether Plaintiff was in a homosexual relationship with an employee as an investigation into whether Plaintiff "was engaging in gender non-conforming sexual acts with" that employee). Plaintiff cannot "bootstrap protection for sexual orientation into Title VII." *See Lynch*, 2006 WL 2456493, at *5. The Court is bound by Fifth Circuit law that Title VII does not prohibit sexual orientation discrimination. *Wittmer*, 915 F.3d at

5

2456493, at *5 (N.D. Tex. Aug. 23, 2006), *aff'd*, 236 F. App'x 918 (5th Cir. 2007). Most of these comments were made by another employee in the Internal Audit Department or by Plaintiff's former supervisor, Ken Goff, neither of whom were involved in Plaintiff's termination. Def.'s App. 0089:23-25. The remaining evidence shows that individuals involved in Plaintiff's termination "snickered" and asked whether Plaintiff was gay upon discovering that he went to a Brittany Spears concert. Pl.'s App. 0091:16-0092:1, 0093:4-14, 0095:1-16. This incident, however, occurred more than a year before Plaintiff's termination. *Id.* at 0092:5-8, 0095:4-9. Nothing in the record suggests that Plaintiff's attendance at the Brittany Spears concert, rather than his sexual orientation, motivated Defendant to investigate and terminate Plaintiff. *See Lynch*, 2006 WL 2456493, at *5. Accordingly, the Court finds that there is no evidence to support Plaintiff's claim that the alleged discriminatory termination occurred "because of . . . sex," an essential element of his claim. *Oncale*, 523 U.S. at 81; *Lynch*, 2006 WL 2456493, at *4. Therefore, Defendant is entitled to summary judgment.

## *B. Disparate Treatment*

Even assuming that Plaintiff has submitted sufficient evidence to show discrimination because of sex, Plaintiff has not met his burden of showing that similarly situated individuals outside the protected class were treated more favorably.[2] *Wittmer*, 915 F.3d at 332. A plaintiff "who proffers a fellow employee as a comparator [must] demonstrate that the employment actions at issue were taken 'under nearly identical circumstances.'" *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (quoting *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991)).

---

330; *Blum*, 597 F.2d at 938. For the same reason, the Court refuses Plaintiff's invitation to recognize sexual orientation discrimination as a form of associational discrimination. *See* Pl.'s Resp. 47-49.

[2] Plaintiff could have also satisfied this element by showing that someone outside his protected class replaced him, but the record is silent about Plaintiff's replacement. *See Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005).

6

"The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." *Id.* (citations omitted).

The Court finds Plaintiff's evidence on this point to be sparse. Although the evidence shows that Plaintiff was not the only employee in the Internal Audit Department who had personal expenses on his corporate AMEX card, Plaintiff provides no evidence that any of these other employees violated Defendant's policy. *See* Pl.'s Resp. 50-51 (citing Def.'s App. 0768:14-18, 0771:10-24, 0772:11-23, 0944-45); Def.'s App. 0896 (allowing personal expenses to be charged to the corporate card "when the personal expenses will be included on the bill for the overall business expense"). Even if the other employees were in fact violating Defendant's policy, Plaintiff has not identified a single employee that had dozens of personal charges on the card in violation of the policy. *See* Def.'s App. 0923-27, 0933-36, 0990-91; *see also Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001) ("[T]he conduct at issue is not nearly identical when the difference between the plaintiff's conduct and that of those alleged to be similarly situated accounts for the difference in treatment received from the employer."). Unlike any other employee, Plaintiff incurred at least forty personal charges on his corporate AMEX card, evidencing a pattern of policy violations. *See* Def.'s App. 0923-27, 0933-36, 0990-91, 1034-35. Accordingly, the Court cannot conclude that any of the other employees in the Internal Audit Department are similarly situated to Plaintiff.

Plaintiff also names a colleague, Alan Ryan, as a comparator who used the corporate AMEX card on the same trip as Plaintiff and was not terminated. *See* Pl.'s Resp. 52. However, Ryan also was referred to corporate security for allegedly misusing the corporate card. *See id.* at

15-16 (quoting Def.'s App. 0345:13-0346:4, 0433-34, 0540:21-0541:13, 0696:12-20). Nothing in the record suggests that Ryan engaged in nearly identical violations but was not terminated. *See Wallace*, 271 F.3d at 221; *Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 305 (5th Cir. 2000) (finding that an employee was not similarly situated because, among other things, the employee "did not antagonize his immediate superior as [plaintiff] did").

Additionally, Plaintiff attempts to show disparate treatment through the testimonies of his former supervisor, Ken Goff, supervisor at the time of the termination, Steve Enos, and the Chief Audit Officer, Ken Metz, which discuss policy violators with different supervisors or in other departments, and various individuals that had "minor" violations but were not terminated. *See* Pl.'s App. 0314:1-23, 0320:14-321:10; Def.'s App. 0346:21-0347:16, 0349:10-25, 0487:21-488:24. The Court finds that none of these individuals are situated similarly to Plaintiff. "Employees with different supervisors [or] who work for different divisions of a company . . . will not be deemed similarly situated." *Lee*, 574 F.3d at 259. Individuals that violated the policy "very rarely" or in "minor" ways are unlike Plaintiff who incurred dozens of unauthorized personal charges in a fourteen-month period, because they did not engage in nearly identical violations. *See* Def.'s Br. 18; Def.'s App. 0346:21-0347:16, 0349:10-25, 0488:19-24, 0923-27, 0933-36. The Court finds that these individuals did not engage in nearly identical violations as Plaintiff and are not similarly situated. *See Wallace*, 271 F.3d at 221; *Wyvill*, 212 F.3d at 305.

In a Title VII discrimination case, "the plaintiff carries the burden to prove that . . . others similarly qualified but outside the protected class were treated more favorably." *Wittmer*, 915 F.3d at 332. As explained above, Plaintiff did not meet this burden. Accordingly, even if Plaintiff submitted sufficient evidence to show discrimination because of sex, the Court finds that Defendant is entitled to summary judgment.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Plaintiff did not show that the discrimination occurred because of sex, an essential element of Plaintiff's claim. The Court also finds that Plaintiff did not meet his burden of showing that similarly situated individuals outside Plaintiff's protected class were treated more favorably. Accordingly, the Court grants Defendant's Motion for Summary Judgment.

**SO ORDERED.**

SIGNED May 23, 2019

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**